1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  G & G CLOSED CIRCUIT EVENTS, LLC, | Case No.: 1:22-cv-0543 JLT SKO |
| 12         Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE |
| 13     v. | DEFENSES |
| 14  JORGE LUIS ARIAS ALFARO and | (Doc. 10) |
| 15  JOSE B. SALAZAR, individually and d/b/a MERCADO CARNICERIA DEL VALLE, | |
| 16         Defendants. | |
| 17 | |

18          G & G Closed Circuit Events asserts that Jorge Luis Arias Alfaro and Jose B. Salazar,

19  individually and doing business as Mercado Carniceria Del Valle, broadcast a program without paying

20  the commercial licensing fee.  (Doc. 1.)  Plaintiff seeks to strike the affirmative defenses asserted by

21  Defendants pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  (Doc. 10.)  The Court

22  finds the matter suitable for decision without oral arguments, and no oral argument will be set

23  pursuant to Local Rule 230(g).  For the reasons set forth below, Plaintiff's motion to strike is

24  **GRANTED**.

25  **I.      Factual and Procedural History**

26          Plaintiff alleges the company possessed "the exclusive nationwide commercial distribution

27  (closed-circuit) rights to *Saul 'Canelo' Alvarez v. Billy Joe Saunders Championship Fight Program*"

28  ("the Program"), which was broadcast on May 8, 2021. (Doc. 1 at 6, ¶ 17.)  Plaintiff asserts this

Program included "all under-card bouts and fight commentary encompassed in the television broadcast of the event." (*Id.* at 6-7, ¶ 17.)  Plaintiff asserts the company "entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program within their respective commercial establishments." (*Id.*, ¶ 18.) According to Plaintiff, "[t]he Program could only be exhibited in a commercial establishment in California if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC." (*Id.*, ¶ 19 [emphasis omitted].)  Plaintiff reports the Program "originated via satellite uplink and was subsequently re- transmitted to cable systems and satellite companies to Plaintiff's sub-licensees." (*Id.*, ¶ 21.)

Plaintiff asserts that in violation of the company's rights, "Defendants intercepted, received and published the Program at Mercado Carniceria Del Valle." (Doc. 1 at 8, ¶ 22.)  Plaintiff alleges that "Defendants also divulged and published said communication, or assisted in divulging and publishing said communication to patrons within Mercado Carniceria Del Valle." (*Id.*)  Plaintiff contends:

> With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in Paragraphs 7- 23 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment located at 10301 Artesia Blvd., Ste. 104-105, Bellflower, CA 90706.

(*Id.* at 1, ¶ 23 [emphasis omitted].)

According to Plaintiff, "[a]t all times relevant hereto, including on Saturday, May 8, 2021," defendants Jorge Luis Arias Alfaro and Jose B. Salazar were each "an owner and/or operator, and/or licensee, and/or permittee, and/or an individual with dominion, control, oversight and management of the commercial, establishment doing business as Mercado Carniceria Del Valle." (Doc. 1 at 3-4, ¶¶ 7, 9.)  Plaintiff also alleges Alfaro and Salazar were each "specifically identified as a licensee on the California Department of Alcoholic Beverage Control License (ABC #547252) issued for Mercado Carniceria Del Valle" at relevant times, including the night of the Program. (*Id.* at 4, ¶¶ 8, 10.)

Plaintiff asserts that the night of the Program broadcast, Alfaro and Salazar "had the right and

ability to supervise the activities of Mercado Carniceria Del Valle, which included the unlawful interception, receipt, and publication of Plaintiff's Program." (Doc. 1 at 5, ¶ 11.)  Further, Plaintiff contends Alfaro and Salazar were obligated "to supervise the activities of Mercado Carniceria Del Valle," and the defendants "specifically directed or permitted the employees of Mercado Carniceria Del Valle to unlawfully intercept, receive, and publish Plaintiff's Program …, or intentionally intercepted, received, and published the Program at Mercado Carniceria Del Valle themselves." (*Id.*, ¶¶ 12-13.)

Plaintiff alleges the night of the Program broadcast, "Mercado Carniceria Del Valle sold food and alcohol to its patrons," and the Program broadcast "resulted in increased profits for Mercado Carniceria Del Valle." (Doc. 1 at 6, ¶¶ 14-15.)  Plaintiff asserts the "unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain." (*Id.* at 8, ¶ 24.)  According to Plaintiff, "[a]s a proximate result of the aforementioned acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry…." (*Id.* at 13-14, ¶ 46.)  Plaintiff seeks damages including—but not limited to—statutory damages under Sections 553 and 605; compensatory, exemplary, and punitive damages for the tort of conversion; and restitution under California's Unfair Competition Law. (*Id.* at 14-16.)

On May 5, 2022, Plaintiff initiated this action by filing a complaint, seeking to hold Defendants liable for violations of the Communications Act of 1934 (47 U.S.C. § 605, *et seq*.) and the Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553, *et seq*.). (Doc. 1 at 6-11.)  Plaintiff also seeks to hold Defendants liable under state law for the tort of conversion and a violation of California Business and Professions Code, Section 17200.  (*Id.* at 11-14.)  Defendants filed their Answer on July 19, 2022.  (Doc. 6.)  Defendants asserted 21 affirmative defenses, which included reserving "their right to add additional affirmative defenses [in] the event discovery indicates they would be appropriate."  (*Id.* at 11, ¶ 69.)

On August 9, 2022, Plaintiff filed the motion to strike now pending before the Court, seeking to strike Defendants' affirmative defenses and the reservation clause.  (Doc. 10.)  Defendants filed

their opposition to the motion on August 23, 2022 (Doc. 12), to which Plaintiff filed a reply on September 2, 2022 (Doc. 13).

## II.  Legal Standards

Rule 8 of the Federal Rules of Civil Procedure requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1).  Further, responding parties are instructed to "state any avoidance or affirmative defense, including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver."  Fed. R. Civ. P. 8(c)(1).

The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading, either on the Court's own motion or by motion of a party.  Fed. R. Civ. P. 12(f).  An affirmative defense may be "insufficient" under Rule 12(f) as a matter of pleading or as a matter of law.  *Butcher v. City of Marysville*, 398 F.Supp.3d 715, 728 (E.D. Cal. 2019); *see also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  A defense is insufficiently pled if it fails to give "fair notice" of the defense and is insufficient as a matter of law when there are no questions of fact or law, and the defense would not succeed under any circumstances.  *Wyshak*, 607 F.2d at 827; *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted).  Further, a defense may be stricken as immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994); *see also* Fed. R. Civ. P. 12(f).

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, motions to strike affirmative defenses "are disfavored and infrequently granted."  *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005).  The Court "must view the pleading under attack in the light more favorable to the pleader." *Garcia ex rel. Marin v. Clovis Unified School Dist.*, 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009) (internal citation omitted).  Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on

1   the proofs rather than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213
2   (9th Cir. 1957); *Wyshak*, 607 F.2d at 827.

### III.   Discussion and Analysis

Plaintiff asserts that each of the affirmative defenses stated by Defendants should be stricken.
(*See generally* Doc. 10.)  Defendants oppose the motion, asserting the affirmative defenses are
sufficient, and Plaintiff would not be prejudiced by litigating the identified defenses.  (Doc. 12 at 2-5.)

#### A.   Prejudice

As an initial matter, the parties disagree whether Plaintiff must establish prejudice to prevail on
a motion to strike affirmative defenses under Rule 12(f).  Defendants contend that "courts have
regularly and explicitly" required a moving party to demonstrate prejudice, and argue Plaintiff fails to
meet this standard.  (*Id.* at 5, citing *FTC v. Medicor LLC*, 2001 U.S. Dist. LEXIS 26774, at *5 (C.D.
Cal. June 26, 2001); *Fantasy. Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. I993) *rev'd on other
grounds*.)  Plaintiff acknowledges there is a split among the courts—including courts within the
Eastern District— in whether prejudice is required to prevail on motion to strike.  (Doc. 10 at 14.)
However, Plaintiff notes a court in the Eastern District indicated that "the text of Rule 12(f) does not
suggest[] prejudice is required."  (*Id.*, quoting, *e.g., Peacock v. Pabst Brewing Co*., LLC, 2022 WL
446201, at *4 (E.D. Cal. Feb. 14, 2022).)

The plain language of Rule 12(f) does not require a moving party to show prejudice. *See* Fed.
R. Civ. P. 12(f).  Rather, it appears a showing of prejudice was "judicially created," as a result of the
view that "motions to strike 'are often used as delaying tactics and because of the limited importance
of pleadings in federal practice.'"  *Citizens for Quality Educ. San Diego* (S.D. Cal. Feb. 18, 2018)
(citing *Ollier v. Sweetwater Union High Sch. Dist*., 735 F. Supp. 2d 1222, 1223 (S.D. Cal. 2010),
*aff'd*, 768 F.3d 843 (9th Cir. 2014).

Notably, this Court observed that no published Ninth Circuit authority requires a showing of
prejudice to strike affirmative defenses.  *Houston Cas. Co. v. Crum & Forster Ins. Co.*, 2016 WL
4494444 at *4 (E.D. Cal. Aug. 25, 2016).  However, the Court noted that in an unpublished opinion,
the Ninth Circuit rejected the argument that a moving party should be required to demonstrate
prejudice to strike redundant material, observing "Rule 12(f) says nothing about a showing of

prejudice." *Atlantic Richfield Co. v. Ramirez*, 1999 WL 273241, at *2 (9th Cir. 1999). The Ninth Circuit expressly indicated it "decline[d] to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule." *Id.* Following this "clear, directly on-point (albeit non-precedential) guidance from the Ninth Circuit," this Court concluded a moving party is not required to show prejudice in moving to strike under Rule 12(f). *See Houston Cas. Co.*, 2016 WL 4494444 at *5. Likewise, here, the Court declines to require Plaintiff to show prejudice where such a requirement is not found in Rule 12(f).

> **B.**    **First Affirmative Defense (Fails to State a Claim)**: "Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action or a claim upon which relief can be granted against these answering Defendants." (Doc. 6 at 7, ¶ 49.)

Plaintiff contends this is not an affirmative defense, because Defendants is merely pointing to a purported defect in the complaint. (Doc. 10 at 5, citation omitted). Previously, this Court explained that proper "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). In contrast, "allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *Hernandez v. County of Monterey*, 306 F.R.D. 279 (N.D. Cal. 2015) (citation omitted); *see also Solis v. Couturier*, 2009 WL 2022343, at *3 (E.D. Cal. July 8, 2009) ("an assertion that the [plaintiff] cannot prove the elements of her claim" is not a proper affirmative defense. It follows that, "failure to state a claim" is not an affirmative defense. *Vasquez v. Leprino Foods Co.*, (E.D. Cal. May 1, 2021); *see also Barnes v. AT & T Pension Ben. Plan,* 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case."). Therefore, the first affirmative defense for failure to state a claim upon is **STRICKEN** without leave to amend.

> **C.**    **Second Affirmative Defense (Bad Faith)**: "Plaintiff's Complaint, [and] each and every cause of action therein, and Plaintiff's prayer for relief, must be denied by reason of extreme bad faith by Plaintiff." (Doc. 6 at 7, ¶ 50.)

Plaintiff contends this affirmative defense fails as a matter of law, because the company "brings strict liability causes of action" with its claims for conversion, violation of Section 553, and violation of

Section 605.  (Doc. 10 at 6, citing 47 U.S.C. § 553(c)(3)(C); 47 U.S.C. § 605(e)(3)(C)(iii); *Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.*, 151 F.3d 1129, 1131 (9th Cir. 1998); *Gilman v. Dalby*, 176 Cal. App. 4th 606, 615 n.1 (2009).)  Further, Plaintiff contends that even if "bad faith" was a "legally valid" affirmative defense, Defendants fail to provide fair notice to support the defense.  (*Id.*)

Defendants do not address Plaintiff's argument that "bad faith" is not a proper affirmative defense in this action or address the sufficiency of their second affirmative defense.  (*See* Doc. 12 at 2-5.)  Thus, it appears Defendants have waived their challenge to this affirmative defense.  Moreover, as Plaintiff's observe, the conduct of the plaintiff is immaterial to the claims raised in the complaint.  *See J & J Sports Prods. v. Jimenez*, 2010 WL 5173717, at *3 (S.D. Cal. Dec. 15, 2010) (striking an affirmative defense for "bad faith" as immaterial where the plaintiff raised claims under Title 47 U.S.C. §§ 553 and 605, as well as conversion and Cal. Bus. & Prof. Code § 17200).  Therefore, Defendants' second affirmative defense is **STRICKEN** without leave to amend.

> **D.**    <u>**Third Affirmative Defense (Failure to Mitigate Damages)**</u>**:** "Plaintiff has failed and neglected to undertake reasonable efforts to mitigate and resolve any damages, if any, which these answering Defendants deny."  (Doc. 6 at 7, ¶ 51.)

"[T]he duty to mitigate generally arises when an injured party could have prevented the continuation or enhancement of the injury." *J & J Sports Prods. v. Delgado*, 2011 WL 219594, at *2 (E.D. Cal. Jan. 18, 2011) (quoting *Valle De Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691 (4th Dist. 1994)).  Thus, the duty "comes into play after a legal wrong has occurred, but while some damages may still be averted."  *United States v. Sierra Pac. Indus.*, 879 F.Supp.2d 12128, 1136 (E.D. Cal. 2012) (modification, citation omitted).  Plaintiff contends the defense should be stricken as immaterial and for lacking fair notice.  (Doc. 10 at 7.)

### 1.    Whether the defense is immaterial

Plaintiff contends this affirmative defense "has no legal significance in this case and thus this allegation should be stricken as legally insufficient and immaterial."  (Doc. 10 at 6, citing *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010).)  Plaintiff notes the Northern District evaluated the "same claims" as those alleged in this action and held that "[m]itigation of damages is… inapplicable to the types of claims asserted by Plaintiff."  (*Id.*, quoting *Nguyen*, 2010 WL 3749284, at *5.)  Notably, however, the Northern District court did not address the

damages sought by the plaintiff in the action.  *See Nguyen*, 2010 WL 3749284, at \*5.

Courts throughout the Ninth Circuit declined to strike the "mitigation of damages" affirmative defense as immaterial where—as here—the plaintiff alleged the "defendant caused it to lose current, previous, and potential customers."  *See, e.g., J & J Sports Prods. v. Delgado*, 2011 WL 219594, at \*2-3 (E.D. Cal. Jan. 19, 2011) (declining to strike the affirmative defense on this basis); *G & G Closed Circuit Events, LLC v. Nguyen*, 2011 WL 6293922 at \*2, n.1 (N.D. Cal. Dec. 15, 2011) (noting a UCL allegation was made in the complaint, and declining "to find that the [mitigation of damages] defense is immaterial at this time"); *Joe Hand Promotions, Inc. v. Alvarenga*, 2010 WL 11684810, at \*3 (S.D. Cal. Sept. 14, 2010) (rejecting the argument that the "defense is immaterial").

As in *Delgado*, Plaintiff alleges that as a "result of … acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry…." (Doc. 1 at 13-14, ¶ 46.)  In *Delgado*, the Court observed "[n]either party [had] specifically addressed the applicability of the failure to mitigate affirmative defense to plaintiff's claim for restitution under the UCL."  *Id.*  Similarly, here, the parties have not addressed the applicability of the defense to Plaintiff's claim for restitution under Section 17200.  The Court declines to find the defense is immaterial and the motion to strike, on this basis, is denied.  *See Delgado*, 2011 WL 219594, at \*2-3; *Nguyen*, 2011 WL 6293922 at \*2, n.1.

### 2.    Pleading insufficiency

Plaintiff also challenges the affirmative defense on the grounds that it "lacks fair notice." (Doc. 10 at 6, citing *United States v. Gibson Wine Co.*, 2016 WL 1626988, at \*5 (E.D. Cal. Apr. 25, 2016); *Qarbon.com Inc. v. eHelp Corp.,* 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004).)  As Plaintiff notes, this Court observed previously that "[s]imply referring to a doctrine or statute is insufficient to afford fair notice."  (*Id.*, quoting *Gibson Wine Co.*, 2016 WL 1626988, at \*5.)  Defendants do little more than refer to the duty to mitigate, without alleging facts sufficient to provide Plaintiff fair notice of the basis of the claim.  However, such a defect in the pleading may be cured, and leave to amend is appropriate.  *See Alvarenga*, 2010 WL 11684810, at \*3 (granting leave to amend affirmative defenses where the defenses were recited "in a conclusory manner," and the defendants failed "to state any

accompanying fact or reason which would link the defense to this action"); *see also Joe Hand Promotions, Inc. v. Kurti*, 2015 WL 5276691, at *2 (S.D. Cal. Sept. 8, 2015) (granting leave to amend the affirmative defense for mitigation of damages where the plaintiff alleged future economic damages but the defense, as stated, was conclusory).  Therefore, the third affirmative defense is **STRICKEN** with leave to amend.

> **E.   Fourth Affirmative Defense (Fault of Others):** "[T]hese answering Defendants are informed and believe and thereon allege that the injuries and damages complained of by Plaintiff, if any, were either wholly or in part, directly and proximately caused by the acts, omissions, and/or legal fault or default of persons or entities other than these answering Defendants."  (Doc. 6 at 7-8, ¶ 52.)

Plaintiff contends this should be stricken because it is "a denial[] of elements of Plaintiff's causes of action (causation and damages)."  (Doc. 10 at 7, citing *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Bd. of Trustees of IBEW Loc. Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014).)  Defendants contend Plaintiff "fails to explain how or why Defendants' Fourth Affirmative Defense only negates an element of Plaintiff's claim."  (Doc. 12 at 3.)

As Plaintiff argues, a statement that the alleged damages were caused by others than the answering defendants is a denial of allegations in the complaint.  *See J & J Sports Prods., Inc. v. Bear*, 2013 WL 708490, at *5 (E.D. Cal. Feb. 26, 2013) (an assertion that "other individuals and entities" caused the damages complained of by the plaintiff was "merely an attack on the prima facie elements of Plaintiff's claims"); *J & J Sports Prods., Inc. v. Jimenez*, 2010 WL 5173717, at *2 (S.D. Cal. Dec. 15, 2010) (statement that the defendants "were not the cause of Plaintiff's damages … is just another way of asserting that Plaintiff has not or cannot prove the element of causation").  Importantly, such denials are not affirmative defenses.  *Bear*, 2013 WL 708490, at *5; *Joe Hand Promotions, Inc. v. Davis*, 2012 WL 4803923, at *4 (N.D. Cal. Oct. 9, 2012) ("affirmative defenses [that] purport to deny liability or negate an element that Plaintiff is required to prove … are not properly plead as affirmative defenses, but are merely denials").  However, "[d]enials that are improperly pled as defenses should not be stricken on that basis alone."  *Delgado*, 2011 WL 219594, at *2.

Given the conclusory nature of Defendants' answer, which does not reference third parties beyond the denials cast as affirmative defenses, the Court cannot find factual allegations support this

affirmative defense.  *See J & J Sports Prods. v. Gidha*, 2012 WL 537494, at *4 (E.D. Cal. Feb. 17, 2012).  Accordingly, Defendants' fourth affirmative defense is insufficiently pled, and is **STRICKEN** with leave to amend.

      **F.**    <u>**Ninth Affirmative Defense (Statute of Limitations):**</u> "Plaintiff's Complaint, and each and every cause of action therein is barred by the applicable statutes of limitation, including, but not limited to Code of Civil Procedure Sections 335 through 349.4, California Business and Professions Code § 17208, 18 U.S.C. § 2520, and 47 U.S.C. § 415."  (Doc. 6 at 8, ¶ 57.)

    A one year-statute of limitations applies to claims arising under 47 U.S.C. §§ 553 and 605.  *DirectTV v. Webb*, 545 F.3d 837, 847-48 (9th Cir. 2008) (finding the Court must look to analogous state law to determine the applicable statute of limitations, and borrowing the one-year statute of limitations applicable to California's Piracy Act for claims arising under Section 605); *J & J Sports Prods. v. Angulo*, 2015 WL 5020725, at *4 (E.D. Cal. Aug. 21, 2015) ("The statute of limitations for violations of 47 U.S.C. §§ 605 and 553 is one year").  Under California law, the statute of limitations is three years for a claim of conversion, and four years for violations of California Business and Professions Code Section 17200.  Cal. Code Civ. Proc. § 338(c); Cal. Bus. & Prof. Code § 17208.

    Plaintiff asserts the Program broadcast—as well as the alleged unlawful interception and publication at Mercardo Carniceria De Valle— occurred on May 8, 2021.  (Doc. 1 at 6, ¶¶ 15, 17; *id.* at 8, ¶ 22).[1]  Plaintiff initiated the action less than a year later on May 5, 2022.  Because the complaint was filed within the applicable statutes of limitations, Defendants' ninth affirmative defense is **STRICKEN** without leave to amend.

      **G.**    <u>**Fifth Affirmative Defense (Laches):**</u> "Plaintiff's Complaint, and each and every cause of action therein, is barred by the equitable doctrine of laches."  (Doc. 6 at 8, ¶ 53.)

    As explained by the Ninth Circuit, "Laches is an equitable time limitation on a party's right to bring suit."  *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000).  To establish the doctrine is applicable, a defendant must show "both an unreasonable delay by the plaintiff and

---

[1] Defendants do not assert the broadcast occurred on another date, and the Court must assume the allegations are true in evaluating a motion to strike.  *See United States v. Gibson Wine Co.*, 2017 WL 1064658, at *2 (E.D. Cal. Mar. 20, 2017) ("In ruling on a motion to strike…a court must assume that all of the well-pled factual allegations of the complaint are true"); *see also Angulo*, 2015 WL 5020725, at *4 ("if the defendant fails to offer any factual assertion that the program was televised on a day other than that alleged by plaintiff, the court is obligated to assume the broadcasting date is accurate").

prejudice to itself." *Id.* (quoting *Couveau v. American Airlines*, 218 F.3d 1078, 1083 (9th Cir. 2000)).

Notably, there is a "strong presumption" that laches does not apply when an action is filed within the appropriate statute of limitations period. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). As discussed above, Plaintiff initiated this action within the applicable statutes of limitations. Because Defendants do not allege facts to demonstrate Plaintiff unreasonably delayed in commencing this action, their answer fails to overcome the presumption that the doctrine is not applicable. Further, Defendants do not allege prejudice resulted due to the delay in filing. Accordingly, fifth affirmative defense is insufficiently pled, and is **STRICKEN** with leave to amend.

**H.    Sixth Affirmative Defense (Waiver):** "Plaintiff's Complaint, and each and every cause of action therein, is barred by the equitable doctrine of waiver." (Doc. 6 at 8, ¶ 54.)

Waiver is an "intentional relinquishment or abandonment of a known right." *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). Plaintiff asserts the defense should be stricken because there is "no indication anywhere in Defendants' pleadings that Plaintiff engaged in activity that might constitute … a waiver of known rights." (*Id.*, quoting *J & J Sports Productions, Inc. v. Montanez*, 2010 WL 5279907, at *3 (E.D. Cal. Dec. 13, 2010) (modification in original).)

As Plaintiff argues, the affirmative defense as stated by Defendants suffers the same infirmities as those identified by the Court in *Montanez*. Defendants do not allege Plaintiff engaged in any activity that may constitute a waiver. Without such supporting factual allegations, Defendants' assertion that the equitable doctrine applicable is insufficient to provide fair notice. *See Montanez*, 2010 WL 5279907, at *3; *see also J & J Sports Prods., Inc. v. Nguyen*, 2012 WL 1030067, at *4 (N.D. Cal. Mar. 22, 2012) (finding an affirmative defense insufficient where the defendant "does not provide any supporting facts, making it impossible for Plaintiff to ascertain the basis for the affirmative defense[]"). Thus, the fourth affirmative defense is **STRICKEN** with leave to amend.

**I.    Seventh Affirmative Defense (Equitable Estoppel):** "Plaintiff's Complaint, and each and every cause of action therein, is barred by the equitable doctrine of estoppel." (Doc. 6 at 8, ¶ 55.)

Plaintiff argues this affirmative defense should be stricken because it is only a recitation of the doctrine and fails to provide fair notice. (Doc. 10 at 7-8.) The Court agrees Defendants have not explained the applicability of the doctrine of estoppel to the claims alleged, and the defense is

insufficiently pled.  *See J & J Sports Prod., Inc. v. Bernal,* 2014 WL 2042120, at *6 (E.D. Cal. May 16, 2014) ("Merely reciting a legal doctrine, without alleging facts supporting the doctrine's application in the case, fails to provide fair notice of the affirmative defense.").  Therefore, Defendants' seventh affirmative defense is **STRICKEN** with leave to amend.

  **J.** **Eighth Affirmative Defense (Unclean Hands):**  "Plaintiff's Complaint, and each and every cause of action therein, is barred in whole or in part by Plaintiff's unclean hands, because Plaintiff's conduct was fraudulent, illegal, despicable, and inequitable."  (Doc. 8 at 8, ¶ 56.)

  Under the doctrine of unclean hands, the guiding maxim is that "he who comes into equity must come with clean hands."  *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.,* 324 U.S. 806, 814 (1945).  The doctrine bars recovery by a plaintiff "whose behavior is tainted by inequity or bad faith" and the behavior "occurred in acquiring the right [the plaintiff] now asserts." *Ample Bright Dev., Ltd. v. Comis Int'l,* 913 F. Supp. 2d 925, 940 (C.D. Cal. 2012); *see also Natomas Gardens Inv. Grp., LLC v. Sinadinos,* 2010 WL 1659195, at *5 (E.D. Cal. Apr. 22, 2010) ("The doctrine of unclean hands denies recovery where the claimant seeking relief commits a wrongful act directly relating to the transaction out of which the complaint is based").

  Plaintiff argues Defendants fail to provide fair notice of their defense that Plaintiff has unclean hands.  (Doc. 10 at 7.)  For example, Plaintiff notes Defendants have not specifically identified what actions they believe were fraudulent.  (*Id.* at 7-8.)  Defendants do not dispute this, or otherwise argue their "unclean hands" defense provides fair notice.  (*See* Doc. 12 at 2-5.)  The Court agrees the pleading is insufficient, as Defendants do not identify what conduct they believe was "fraudulent, illegal, despicable, and inequitable," and do not allege facts sufficient to support a conclusion that such conduct related to the claims raised in the complaint.  *See Ample Bright,* 913 F. Supp. 2d at 940.  Thus, Defendants' eighth affirmative defense is **STRICKEN** with leave to amend.

  **K.** **Tenth Affirmative Defense (Comparative Negligence):**  "Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence to avoid the alleged incidents. Plaintiff's resulting injuries and damages, if any, which Defendants deny, were proximately caused and contributed to by the negligence of Plaintiff." (Doc. 6 at 9, ¶ 58.)

  In general, comparative negligence is an affirmative defense to the tort of negligence.  *See J & J Sports Prods v. Soto,* 2010 WL 3911467, at *2 (S.D. Cal. Sept. 27, 2010) (citing *Restatement (Third) of*

*Torts: Apportionment of Liability* § 7).  Where no negligence claim is raised in the complaint, such an affirmative defense is likely inapplicable.  *See id.*  Importantly, there is "no discernable relationship" between negligence and the claims arising under the Communications Act, the Cable & Television Consumer Protection and Competition Act, conversion, or Cal. Bus. & Prof. Code § 17200.  *See J & J Sports Prods. v. Olivo*, 2015 WL 3604457, at *3 (S.D. Cal. June 8, 2015); *see also Nguyen*, 2010 WL 3749284, at *5 (striking the comparative negligence defense without leave to amend because it was "immaterial and/or impertinent" to the same causes of action identified in the matter now pending).  Moreover, Defendants do not oppose the motion to strike on these grounds.  (*See* Doc. 12 at 2-5.)  Consequently, is undisputed that comparative negligence is inapplicable to the claims alleged by Plaintiff, and the defense is immaterial under Rule 12(f).  The tenth affirmative defense is **STRICKEN** without leave to amend.

      **L.**      <u>**Eleventh Affirmative Defense (Lack of Standing)**</u>**:** "Plaintiff lacks the requisite standing to maintain any cause of action against these answering Defendants." (Doc. 6 at 9, ¶ 59.)

      Standing to sue requires a plaintiff to "allege personal injury fairly traceable to the defendants' allegedly unlawful conduct and likely to be redressed by the requested relief."  *Allen v. Wright*, 468 U.S. 737, 751 (1984) (citations omitted).  Standing has been identified as "a proper affirmative defense by many courts."  *Joe Hand Promotions, Inc. v. Dorsett*, (E.D. Cal. Apr. 2, 2013) (citations omitted).

      Plaintiff contends this is "insufficient as a matter of law."  (Doc. 10 at 10, citing *Nguyen*, 2010 WL 3749284 at *4; *J & J Sports Productions, Inc. v. Nguyen*, 2014 WL 60014, at *5 (N.D. Cal. Jan. 7, 2014).)  Notably, as Plaintiff acknowledges, in *J & J Sports Productions, Inc. v. Nguyen*, the Northern District addressed standing with the defendant's motion to dismiss, not in the context of the plaintiff's motion to strike affirmative defenses.  *Id.*, 2014 WL 60014, at *5.  As a result, Plaintiff's reliance upon this case is misplaced, and the motion to strike is denied on these grounds.

      Plaintiff also argues the affirmative defense "lacks fair notice."  (Doc. 10 at 10, citing *Gibson Wine Co.*, 2016 WL 1626988, at *5.)  Toward this end, the Court agrees.  Defendants offer only the legal conclusion that Plaintiff lacks standing, and this "conclusory statement… without more, does not meet the fair notice standard."  *See G & G Closed Circuit Events, LLC v. Cal. Ctr. for the Arts*, 2021 WL 1263952, at *5 (S.D. Cal. Apr. 6, 2021); *see also Kohler v. Staples the Office Superstore, LLC*, 291

F.R.D. 464, 469 (S.D. Cal. 2013) (explaining that although a "pleading need not be supported by detailed factual allegations, it must at least give notice of the grounds upon which it rests," and striking the affirmative defense for lack for standing) [internal quotation marks omitted].  Given the conclusory nature of the pleading, the eleventh affirmative defense is **STRICKEN** with leave to amend.

> **M.**     **Twelfth Affirmative Defense (No Proximate Causation):** "[A]ny and all harm allegedly sustained by Plaintiff was not proximately caused by these answering Defendants."  (Doc. 6 at 9, ¶ 60.)

Plaintiff contends this affirmative defense is a mere denial and should be stricken.  (Doc. 10 at 7.)  As discussed above, a statement that the alleged damages were not caused by the answering defendants is a denial rather than an affirmative defense.  *See Bear*, 2013 WL 708490, at *5; *Jimenez*, 2010 WL 5173717, at *2 (an assertion that the defendants "were not the cause of Plaintiff's damages … is just another way of asserting that Plaintiff has not or cannot prove the element of causation").  Moreover, Plaintiff does not state a claim for negligence, and as a result the "proximate causation" affirmative defense is impertinent under Rule 12(f).  *See Bernal,* 2014 WL 2042120, at *5 ("Since the complaint includes no negligence claims, an affirmative defense alleging proximate cause is impertinent").  Accordingly, the twelfth affirmative defense is **STRICKEN** without leave to amend.

> **N.**     **Thirteenth Affirmative Defense (No Ownership Interest):** "Plaintiff's Complaint, and each and every cause of action therein, … are barred against these answering Defendants because they hold no ownership interest in Mercado Carniceria Del Valle."  (Doc. 6 at 9, ¶ 61.)

Plaintiff moves to strike this affirmative defense as immaterial and a denial.  (Doc. 10 at 11.)  Plaintiff notes the "defense is written in the present tense," and "[w]hether Defendants *currently* hold an ownership interest in Mercado Carniceria Del Valle is immaterial."  (*Id.* [emphasis in original].)  In response, "Defendants admit a failure to plead this lack of ownership interest at the time of the events giving rise to the allegations made by Plaintiff in its Complaint."  (Doc. 12 at 3.)  For this reason, Defendants request leave to amend.  (*Id.*)

Notably, the assertion that Defendants did not have an ownership interest in Mercado Carniceria Del Valle counters the allegations made in the complaint, and "must be alleged at the relevant section of the answer."  *See Bernal,* 2014 WL 2042120, at *5 (observing an affirmative defense indicating the defendant obtained a license to broadcast the program addressed allegations in the complaint and

14

granting leave to amend).  Thus, the thirteenth affirmative defense is **STRICKEN** with leave to amend.

> **O.** **Fourteenth Affirmative Defense (No Benefit):** "Plaintiff's Complaint, and each and every cause of action therein, the same are barred against these answering Defendants because no benefit, if any, commercial or otherwise, was incurred by these answering Defendants."  (Doc. 6 at 10, ¶ 62.)

Plaintiff asserts this should be stricken because it "is not a defense to Plaintiff's claims, let alone an affirmative defense."  (Doc. 10 at 11.)  Plaintiff observes that "Defendants need not incur a benefit to be liable to Plaintiff" with the claims raised in the complaint.  (*Id.*)  Further, Plaintiff contends, "To the extent this defense implies that Plaintiff did not suffer any damages, that is not an affirmative defense, it is a denial."  (*Id.*, citing *IBEW Loc. Union No. 100 Pension Tr. Fund*, 2014 WL 1245800 at *4; *Zivkovic*, 302 F.3d at 1088.)

 On the other hand, Defendants argue the affirmative defense "is relevant to the question of damages."  (Doc. 12 at 4.)  Defendants also assert the motion to strike this defense should be denied because Plaintiff "simply conclude[es] the same is not a defense and is, instead, a denial," without citing any "authority which actually supports this assertion."  (*Id.* at 3-4.)  Defendants contend that while Plaintiff cited *IBEW Loc. Union No. 100* and *Zivkovic*, Plaintiff "fails to conduct any analysis relative to those cases and their application to Defendants' Fourteenth Affirmative Defense, specifically."  (*Id.* at 4.)

As Plaintiff argues, the fourteenth affirmative defense may be characterized as a denial.  The Communications Act "prohibits the unauthorized receipt and use of radio communications *for one's* '*own benefit* or for the benefit of another not entitled thereto.'" *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008), quoting 47 U.S.C. § 605(a).  Thus, Defendants' assertion they did not benefit from the broadcast seemingly refutes liability under the Communications Act.  In *Zivkovic*, the Ninth Circuit stated: "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."  *Id.*, 302 F.3d at 1088.  Similarly, in *IBEW*, the court observed that "denials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim are not affirmative defenses."  *Id.*, 2014 WL 1245800 at *4 (citing *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *5 (E.D. Cal. Sept. 23, 2010)).  Toward this end, *Zivkovic* and *IBEW* clearly indicate a denial is not a proper affirmative defense.

Moreover, courts have repeatedly stricken assertions that defendants did not incur profits from an alleged unauthorized broadcast as improper affirmative defenses.  *See, e.g., Joe Hand Promotions, Inc. v. Garcia*, 2012 WL 1413940, at *2 (E.D. Cal Apr. 23, 2012) (finding an assertion that the defendant "did not reap commercial profit from any alleged violation … is essentially an argument that Plaintiff's complaint is insufficiently pled for purposes of a claim against Defendant in his individual capacity"); *Joe Hand Promotions v. Davis*, 2012 WL 4803923, at *4 (N.D. Cal. Oct. 9, 2012) (holding an assertion that the "defendant did not reap any commercial profit from any alleged violation … merely denies liability" and striking the defense without leave to amend); *Angulo*, 2015 WL 5020725, at *2 (striking the affirmative defense on the grounds that it was "an assertion of a defect in … [the] prima facie case").  Likewise, here, the Court finds the assertion that Defendants did not incur any commercial benefits from the alleged unlawful broadcast is not a proper affirmative defense, but rather points to a defect in Plaintiff's complaint.  As this Court explained in *Garcia,* Defendants may "raise this defense, but it is not an affirmative defense."  *Id.*, 2012 WL 1413940, at *2 (citing *Barnes v. AT & T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1173-74 (N.D. Cal. 2010)).  Accordingly, the fourteenth affirmative defense is **STRICKEN** without leave to amend.

    **P.**    **Fifteenth Affirmative Defense (Use of Internet):** "[A]ny signal or transmission obtained or intercepted by these answering Defendants, the existence of which Defendants deny, was received through internet transmission."  (Doc. 6 at 10, ¶ 63.)

Plaintiff contends this defense should be stricken because "[a]s to the 47 U.S.C. §§ 605 and 553 claims, this defense does not accurately reflect the state of the law in the Eastern District."  (Doc. 10 at 11, citing *G & G Closed Circuit Events, LLC v. Infante*, Case No. 1:20-cv-01400-JLT-SAB, 2022 WL 411847 (E.D. Cal. Feb. 10, 2022), *report and recommendation adopted* 2022 WL 1082567 (E.D. Cal. Apr. 11, 2022).)  In addition, Plaintiff argues the "defense has no application" the claims arising under California law.  (*Id.* at 12.)  Thus, Plaintiff concludes "[t]he defense fails as a matter of law."  (*Id.*)

Defendants assert "this affirmative defense should stand" because "Plaintiff has failed to demonstrate, at this point, that Defendants used a cable or satellite connection to obtain internet service in allegedly streaming the subject fight."  (Doc. 12 at 4.)  Defendants contend reliance upon *Infante* is misplaced, because "[t]he Eastern District in *Infante* did not hold that use of the internet cannot be a defense to claims under §§ 605 or 553."  (Doc. 12 at 4.)  Defendants assert: "Instead, the court held that

1   a specific element of a plaintiff's claim must be negated by undisputed facts in evidence." (*Id.*, citing

2   *Infante*, 2022 WL 411847 at *51-52.)  According to Defendants, the Court indicated this "may be

3   achieved by the defendant demonstrating how the internet was accessed in order to avail itself of the

4   defense." (*Id.*)  Based upon the Court's holding in *Infante*, Defendants contend they "must show that

5   the internet was not accessed by cable or satellite connection." (*Id.*)

6          In *Infante*, this Court reviewed the defendant's motion for summary judgment in a case that—

7   as here—involved federal claims for violations of 47 U.S.C. §§ 605 and 553 and state law claims for

8   conversion and violations of Cal. Bus. & Prof. Code §§ 17200.  *See id.*, 2022 WL 411847, at *1-2.

9   The Court observed that Section 605(a) "was intended to encompass new technologies, and that

10  liability for intercepting unauthorized radio/satellite programming signals" may attach where a cable

11  or satellite signal was the "broadcast via Internet streaming."  *Id.* at *18.  The undisputed evidence

12  before the Court in *Infante* was that the program in issue "was displayed … through an Internet

13  streaming application called DAZN."  *Id.* at *2.  Infante asserted that "[n]o cable television signal was

14  used to view the subject Program, and no satellite signal was used...."  *Id.*  The Court noted this

15  statement was "a conclusion without any facts [in] support."  *Id.* at *20.  The Court explained:

16              Defendant offers no evidence to demonstrate how the Internet was accessed
                at the Restaurant (e.g., via wireless laptop, cell phone 5g service, what kind
17              of hardware, if any was utilized at the Restaurant to receive the Internet
                signal, etc.), Defendant does not identify the Internet service provider utilized
18              at the Restaurant to download and stream the Program, and no expert
                evidence was provided with respect to that Internet service to establish that
19              neither satellite nor cable was utilized to transmit/receive the Program signal.

20  *Id.* at *20.  Based upon the lack of evidence, the Court concluded Infante "fails to carry her burden to

21  establish she did not utilize a radio or satellite system by using the Internet to receive the at-issue

22  Program signal."  *Id.*  Therefore, the Court denied "summary judgment based on the Internet defense."

23  *Id.*, *recommendation adopted* 2022 WL 1082567 (E.D. Cal. Apr. 11, 2022).

24          Significantly, *Infante* was evaluating the merits of the claims—and the evidence, or lack

25  thereof— at the summary judgment stage, while the matter now pending before the Court remains at

26  the *pleadings* stage.  To the extent Defendants intend to show the Internet was used for any broadcast,

27  rather than cable or satellite signal, this is not an affirmative defense.  Indeed, courts have struck

28  similar statements in which the defendants disavowed the use of cable systems as improper affirmative

defenses. *See, e.g., Angulo,* 2015 WL 5020725, at *3 (finding the affirmative defense that "Defendant cannot be liable as a matter of law under Section 605 because there was no cable system at the establishment" was improper because "as pled [it] points to an alleged deficiency in plaintiff's prima facie case"); *Joe Hand Promotions v. Estrada*, 2011 WL 2413257 at *3-4 (E.D. Cal. June 7, 2011) (finding the affirmative defense stating "there was no satellite television system at the establishment… is essentially a claimed deficiency in Plaintiff's prima facie case," and could be raised as a defense but "it is not an affirmative defense"); *Joe Hand Promotions v. Davis*, 2012 WL 4803923 at *5, *7 (N.D. Cal. Oct. 9, 2012) (striking without leave to amend the affirmative defense stating "there was no cable system at the establishment identified in plaintiff's Complaint and therefore defendant cannot be liable as a matter of law…" because it simply denied liability under Section 553).  Because the statement that any broadcast "was received through internet transmission" is not a proper affirmative defense and points to a defect in Plaintiff's prima facie case, the fifteenth affirmative defense is **STRICKEN** without leave to amend.

     **Q.**    **Sixteenth Affirmative Defense (Lack of Damages):** "Plaintiff has suffered no cognizable damages as a result of any actions of these answering Defendants." (Doc. 6 at 10, ¶ 64.)

By alleging Plaintiff has not suffered damages, Defendants seek to negate elements of the claims presented in Plaintiff's complaint.  *See, e.g.*, *Greka Integrated, Inc. v. Lowrey,* 133 Cal. App. 4th 1572, 1581 (2005) ("elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages").  As explained above, this is not a proper affirmative defense.  *See Zivkovic*, 302 F.3d at 1088.  Consequently, the twelfth affirmative defense is **STRICKEN** without leave to amend.

     **R.**    **Seventeenth Affirmative Defense (Compliance with Legal Obligations):** "[A]nswering Defendants have complied with all obligations under applicable law." (Doc. 6 at 10, ¶ 65.)

Plaintiff argues this affirmative defense should be stricken because "[i]t is unclear what defense Defendants purport to be alleging" and "at heart, this is just another way for Defendants to say they did not commit a violation of the law."  (Doc. 10 at 12 [emphasis omitted].)  As a result, Plaintiff contends "compliance with legal obligations" is clearly not an affirmative defense.  (*Id.*, citing *Bureau of*

1   *Consumer Fin. Prot. v. Performance SLC, LLC*, 2021 WL 2982275, at *2 (C.D. Cal. Apr. 2, 2021).)

2   Defendants do not address the arguments that this is not a proper affirmative defense.  (*See generally*

3   Doc. 12.)

4           Notably, Defendants' assertion that they compliance with their legal obligations plainly

5   challenges the allegations in the complaint.  *See, e.g., Creative Photographers v. Collection*, 2021 WL

6   3568243, at *2 (C.D. Cal. July 7, 2021) (finding "compliance with the law" was an attack on the

7   plaintiff's prima facie case, and granting a motion to strike the defense); *Smith v. Bank of N.Y. Mellon*,

8   2019 WL 3428744, at *3 (W.D. Wash. July 30, 2019) ("Defendants' assertion that they complied with

9   the law is not an affirmative defense. Instead, it challenges the factual sufficiency of Plaintiff's claims

10  by alleging that Plaintiff cannot prove a violation of the law").  Accordingly, the seventeenth affirmative

11  defense is **STRICKEN** without leave to amend.

12          **S.**     **Eighteenth Affirmative Defense (Consent):** "Plaintiff's Complaint, and each and every
                cause of action therein,… are barred by the doctrine of consent." (Doc. 6 at 10, ¶ 66.)
13

14          Plaintiff contends this affirmative defense should be stricken because "reference to a doctrine is

15  insufficient notice."  (Doc. 10 at 12, citing *Gibson Wine Co*., 2016 WL 1626988, at *5.)  In addition,

16  Plaintiff argues the defense should be stricken because, based on the allegations of the complaint "there

17  was no consent for Defendants to broadcast the Program."  (*Id.*, citing Fed. R. Civ. P. 12(f); *Zivkovic*,

18  302 F.3d at 1088.)

19          As Plaintiff observes, the company alleges in the complaint that it "was granted the exclusive

20  nationwide commercial distribution (closed-circuit) rights" to the Program.  (Doc. 1 at 6-7, ¶ 17.)

21  Plaintiff alleges it "entered into subsequent sublicensing agreements with various commercial entities

22  throughout North America, including entities within the State of California, by which it granted these

23  entities limited sublicensing rights, specifically the rights to publicly exhibit the Program within their

24  respective commercial establishments."  (*Id.* at 7, ¶ 18.)  Further, Plaintiff explicitly alleges the

25  company "did not authorize transmission, interception, reception, divulgence, exhibition, or display of

26  the … to the commercial establishment operated by the foregoing Defendants."  (*Id.* at 12, ¶ 41.)

27  Significantly, because the allegations of the complaint are sufficiently plead, the Court must assume

28  their truth. *Gibson Wine Co*., 2017 WL 1064658, at *2 ("In ruling on a motion to strike…a court must

assume that all of the well-pled factual allegations of the complaint are true").

To succeed on a claim for violations of the Communications Act and the Cable Act, Plaintiff must demonstrate Defendants intercepted the Program and published it without authorization. 47 U.S.C. §§ 553(a), 605(a). Likewise, under California law, "consent negatives the wrongful element of the defendants act," and prevents the existence of conversion. *Tavernier v. Maes*, 242 Cal. App. 2d 532, 552, (1966); *see also* Judicial Council of California, *Judicial Council of California Civil Jury Instructions*, § 2100 (2017) (identifying lack of consent as an element of conversion).

By alleging Plaintiff consented to their actions, Defendants clearly seek to negate elements of the claims presented in the complaint. As a result, this is not a proper affirmative defense. *See Zivkovic*, 302 F.3d at 1088; *see also J & J Sports Prods. v. Sanchez*, 2012 U.S. Dist. LEXIS 74070, at *9-10 (E.D. Cal. May 25, 2012) (striking the affirmative defense indicating the plaintiff's claims were "barred by consent or implied consent" because the allegations negated an element of the plaintiff's claims, including the tort of conversion). Consequently, the eighteenth affirmative defense is **STRICKEN** without leave to amend.

**T.**  **Nineteenth Affirmative Defense (Lack of Control or Responsibility):** "[T]hese answering Defendants lack control or power over the alleged intercepting of the subject transmission, any legal responsibility related thereto, or responsibility or control over Mercado Carniceria Del Valles." (Doc. 6 at 11, ¶ 67.)

For a claim under the Communications Act, Plaintiff must show Defendants intercepted a program and published it without Plaintiff's permission. 47 U.S.C. § 605(a). Likewise, the claim for conversion requires Plaintiff to establish "the defendant's conversion by a wrongful act or disposition of property rights." *Greka Integrated, Inc.,* 133 Cal. App. 4th at 1581.

As with the fourth and thirteenth affirmative defenses, Defendants contend the alleged injury was caused by others, who were not within their control. However, this is a denial of the allegations in the complaint, in which Plaintiff alleges that "[a]t all times relevant hereto, including on Saturday, May 8, 2021," defendants Alfaro and Salazar were each "an owner and/or operator, and/or licensee, and/or permittee, and/or an individual with dominion, control, oversight and management of the commercial, establishment doing business as Mercado Carniceria Del Valle." (Doc. 1 at 3-4, ¶¶ 7, 9.) Plaintiff also asserts the night of the broadcast, Defendants "had the right and ability to supervise the activities of

Mercado Carniceria Del Valle, which included the unlawful interception, receipt, and publication of

Plaintiff's Program." (*Id.* at 5, ¶ 11.)  Further, Plaintiff contends Alfaro and Salazar were obligated "to

supervise the activities of Mercado Carniceria Del Valle," and "specifically directed or permitted the

employees of Mercado Carniceria Del Valle to unlawfully intercept, receive, and publish Plaintiff's

Program …, or intentionally intercepted, received, and published the Program at Mercado Carniceria

Del Valle themselves." (*Id.*, ¶¶ 12-13.)

As explained, an assertion that is "merely an attack on the prima facie elements of Plaintiff's

claims" is not a proper affirmative defense.  *Bear*, 2013 WL 708490, at *5; *Bernal,* 2014 WL 2042120,

at *5 (a defendant's assertion that counters the allegations made in the complaint "must be alleged at

the relevant section of the answer," rather than as an affirmative defense).  For the reasons set forth

above, the nineteenth affirmative defense is **STRICKEN** with leave to amend the answer.

> **U.**  **Twentieth Affirmative Defense (Business Closed):** "Plaintiff's Complaint, and each and every cause of action therein, … are barred because Mercado Carniceria Del Valle was closed to business and no sales of food or drink took place at the time of the alleged intercepting of the subject transmission." (Doc. 6 at 11, ¶ 68.)

Plaintiff asserts this affirmative defense fails because Defendants "offer no legal basis for how

[these] facts support a defense." (Doc. 10 at 13.)  Plaintiff also observes: "[f]ood and drink sales are

not a requirement of liability under any of Plaintiff's causes of action." (Doc. 10 at 4.)  Plaintiff

acknowledges that "[i]n theory, the amount of food and drink sales related to the broadcast could have

an impact on damages," but note this affirmative defense appears to address liability. (*Id.*)  In

response, Defendants contend "this fact is relevant and provides a defense to the damages claimed in

Counts I and II, and the liability of the business under Business and Professions Code § 17200 *et seq*."

(Doc. 12 at 5.)

Notably, Defendants do not assert in the affirmative defense that the closed status of the

business—and lack of sales—addresses to the amount damages, but rather asserts the "Complaint, and

each and every *cause of action*… are barred." (Doc. 6 at 11, ¶ 68 [emphasis added].)  Toward this

end, it appears Defendants attempt to re-cast the parameters of the affirmative defense.  Regardless, by

asserting the business was closed and no alcohol was sold, Defendants expressly contradict the

allegations of the complaint, in which Plaintiff alleges in the complaint that "Mercado Carniceria Del

Valle sold food and alcohol to its patrons" on the night of the Program broadcast."  (Doc. 1 at 6, ¶ 15.).

As a result, this statement is not a proper affirmative defense, "which deny plaintiff's right to recover,

*even if the allegations of the complaint are true*."  *Federal Deposit Ins. Corp.*, 655 F. Supp. at 262

(emphasis added); *see also Garcia,* 2012 WL 1413940, at *2 (distinguishing between a defense that

may be raised in an answer, and proper affirmative defenses); *Bernal,* 2014 WL 2042120, at *5.  Thus,

the affirmative defense is **STRICKEN** with leave to amend the answer.

> **V.**      **Twenty-first Affirmative Defense (Unknown/ Reservation):**  "These answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. These answering Defendants reserve their right to assert additional affirmative defenses they the event discovery indicates they would be appropriate." (Doc. 6 at 11, ¶ 69.)

Importantly, the "reservation of affirmative defenses is not an affirmative defense."  *EEOC v.*

*Timeless Invs., Inc.*, 734 F.Supp.2d 1035, 1055 (E.D. Cal. 2010).  Rather, if a defendant seeks to add

affirmative defenses later, the defendant must comply with Rule 15 of the Federal Rules of Civil

Procedure.  *Id.*; *see also Wyshak,* 607 F.2d at 826-27.  Thus, Defendants' reservation clause is not a

proper affirmative defense and is **STRICKEN** without leave to amend.

## IV.      Conclusion

The affirmative defenses asserted by Defendants appear to be boilerplate defenses that lack

factual support and fail to provide Plaintiff with fair notice.  Rather, the affirmative defenses are legal

conclusions and theories, including those which are inapplicable to the causes of action alleged in the

complaint.  Significantly, it does not appear many of the deficiencies identified above may be cured by

amendment.  However, leave to amend the answer will be granted because it does not appear Plaintiff

will suffer any prejudice.  *See Rennie & Laughlin*, 242 F.2d at 213; *Wyshak*, 607 F.2d at 827.

Accordingly, the Court **ORDERS**:

> 1.      Plaintiff's motion to strike under Rule 12(f) (Doc. 10) is **GRANTED**.

> 2.      As to the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Eleventh, Thirteenth, Nineteenth, and Twentieth Affirmative Defenses, Plaintiff's motion to strike is **GRANTED WITH LEAVE TO AMEND**.

> 3.      The First, Second, Ninth, Tenth, Twelfth, Fourteenth, Fifteenth, Sixteenth, Seventeenth,

Eighteenth, and Twenty-First Affirmative Defenses are **STRICKEN, WITHOUT LEAVE TO AMEND.**

4.    Defendant may file an amended answer within twenty-one days of the date of service of this order.

**<u>If Defendant does not amend within this period, the answer will stand with all the affirmative defenses stricken.</u>**

IT IS SO ORDERED.

Dated:    **February 6, 2023**

UNITED STATES DISTRICT JUDGE